**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRIN BLACK; ROGER J. MIRACLE; ANN M. MIRACLE; VIRGINIA LOUISE BLEEG; HAROLD S. MACLAUGHLAN; REBECA MACLAUGHLAN, | No.    14-35170 |
| | D.C. Nos.    3:12-cv-02213-HU |
| Plaintiffs-Appellants, | 3:12-cv-02221-HU |
| | 2:12-cv-02222-HU |
| v. | |
| | MEMORANDUM* |
| RICK HASELTON; REX ARMSTRONG; ELLEN ROSENBLUM; PAUL DE MUNIZ; WILLIAM MICHAEL GILLETTE; ROBERT D. DURHAM; THOMAS A. BALMER; RIVES KISTLER; VIRGINIA L. LINDER; JACK L. LANDAU; DEBBIE SLAGLE, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 4, 2016**
Portland, Oregon

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

The district court dismissed Plaintiffs' suit on the ground that the *Rooker–Feldman* doctrine deprived it of subject matter jurisdiction and, in the alternative, on the ground that Defendants were entitled to absolute judicial immunity. We hold that the *Rooker–Feldman* doctrine bars Plaintiffs' suit from proceeding and Defendants are immune from Plaintiffs' claims pursuant to the Eleventh Amendment. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007) ("We may affirm on any ground present in the record.").

Plaintiffs initiated this action against three judges on the Oregon Court of Appeals, the justices of the Oregon Supreme Court, and Debbie Slagle, a county circuit court clerk. All Defendants are sued in their official capacities. Plaintiffs alleged that the Oregon Court of Appeals' decision to vacate state trial court judgments previously entered in their favor, and the Oregon Supreme Court's denial of review of this decision, violated the Due Process Clause, the Takings Clause, and numerous other state and federal constitutional provisions. As relief, Plaintiffs sought, among other things, an order declaring that they had constitutionally protected property interests in the state trial court's judgments and

2

that those interests were "taken by unconstitutional state action" when the Oregon Court of Appeals vacated the judgments. Plaintiffs also sought injunctive relief in the form of a Writ of Mandamus directing Slagle to reinstate *nunc pro tunc* the trial court's judgments. Defendants sought dismissal of Plaintiffs' suit on several grounds, including that their action was barred by the *Rooker–Feldman* doctrine and Defendants were immune from the suit pursuant to the Eleventh Amendment and the doctrine of absolute judicial immunity. The district court agreed that the action was barred by the *Rooker–Feldman* doctrine and Defendants were entitled to judicial immunity and dismissed Plaintiffs' case with prejudice.

1. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under the *Rooker–Feldman* doctrine. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008). The *Rooker–Feldman* doctrine prevents federal district courts from exercising jurisdiction over "cases brought by state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that the *Rooker–Feldman* doctrine barred the plaintiff's claim because the alleged legal injuries arose from the "state court's

3

purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void"); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction."). Here, the district court properly concluded that the *Rooker–Feldman* doctrine barred Plaintiffs' action because it is a forbidden de facto appeal of the Oregon Court of Appeals' decision. Plaintiffs' claims are all based on their argument that the Oregon Court of Appeals incorrectly interpreted Oregon law when it determined that their state court claims were no longer justiciable and that it retained the authority to vacate the trial court judgments. These attacks on the state court proceedings constitute a de facto appeal of the state court judgment because they require the federal court to review both the merits of the Oregon Court of Appeals' decision and its jurisdictional determination. *See Henrichs*, 474 F.3d at 616; *Olson Farms v. Barbosa*, 134 F.3d 933, 936–37 (9th Cir. 1998) (holding that the *Rooker–Feldman* doctrine barred suit where the alleged injury was a state court's incorrect jurisdictional determination). Indeed, Plaintiffs expressly seek relief that would require the federal court to vacate the final state

4

court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284. Plaintiffs' remaining claims are inextricably intertwined with the forbidden appeal.

2. Defendants are also immune from Plaintiffs' federal suit pursuant to the Eleventh Amendment. The Eleventh Amendment protects states and state officials from claims brought by their own citizens in federal court, unless the state waived its immunity or Congress abrogated the immunity pursuant to constitutional authority. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."). Neither exception applies in this case. Plaintiffs' lawsuit also does not avoid Eleventh Amendment immunity under the *Ex parte Young* doctrine because the relief they seek is retrospective. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (holding that *Ex parte Young* only permits a suit against a state official to go forward "when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.'" (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985))).

3. The district court did not abuse its discretion in denying leave to amend and entering dismissal with prejudice. The *Rooker–Feldman* doctrine and

5

Defendants' Eleventh Amendment immunity are each fatal to Plaintiffs' claims and it is clear that these deficiencies could not be cured by amendment. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

4.  Because we need not assess the merits of Plaintiffs' claims, their Motion Requesting Judicial Notice (Doc. No. 17) is denied as moot.

**AFFIRMED.**